# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES ALLEN O'CONNOR,**

        **Debtor/Appellant,**

  **v.**                                       **Case No. 05-C-857**

**JAMES J. VALONA,**

        **Appellee.**

## DECISION AND ORDER

On August 11, 2005, the Court received a copy of a notice of appeal, filed in the bankruptcy court on June 14, 2005 by the debtor/appellant James A. O'Connor ("O'Connor"). In that notice, O'Connor indicates that he is appealing an order entered by the United States Bankruptcy Court for the Eastern District of Wisconsin on June 6, 2005. O'Connor's notice of appeal constitutes the only record presently before the Court.

Rule 8001 of the Bankruptcy Rules states that:

> An appeal from a judgment, order, or degree of a bankruptcy judge to a district court . . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee . . . .

Fed. R. Bankr. P. 8001.

Based on the requirements of Rule 8001, O'Connor timely filed his notice of appeal in the bankruptcy court. However, the "Transmittal of Record on Appeal" index before this Court indicates that O'Connor has not paid the fee for filing his appeal. Nor has he designated any items for inclusion in the record of his appeal, even though this is his obligation under Fed. R. Bankr. P. 8006.

This action has now been pending in this Court for over 8 months with no activity. The Court received the notice of appeal and record transmittal–consisting solely of the notice of appeal–on August 11, 2005. The Court has no record before it and does not even know what issues inform the appeal. To jump-start matters, the Court will provide O'Connor an opportunity to inform the Court whether he intends to pursue his appeal. Working under the premise that he does intend to proceed, the Court will also provide O'Connor additional time to comply with Rule 8006's requirements.

The Court is putting O'Connor on notice that his *pro se* status does not exempt him from complying with all applicable rules and procedures related to his appeal. Failure to follow applicable rules, or the orders of this Court, may severely hamper his appeal and even lead to its dismissal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

O'Connor **SHALL** inform the Court by May 19, 2006, whether he intends to proceed with his appeal.

If O'Connor intends to proceed with his appeal, he **SHALL** file his designation of items to be included in the record on appeal and a statement of the issues to be presented, pursuant to Fed. R. Bankr. P. 8006 and no later than May 19, 2006.

Dated at Milwaukee, Wisconsin this 24th day of April, 2006.

                                      **BY THE COURT**

                                      s/ Rudolph T. Randa
                                      **Hon. Rudolph T. Randa**
                                      **Chief Judge**